EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Elisa M. Figueroa Báez | 2018 TSPR 134 200 DPR ____ |
|---|---|

Número del Caso:  TS-9,814

Fecha: 16 de julio de 2018

Abogado de la parte promovida:

Por derecho propio

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez
Director

Materia:  La suspensión será efectiva el 19 de julio de 2018, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Elisa M. Figueroa Báez | TS-9,814 | |

PER CURIAM

San Juan, Puerto Rico, a 16 de julio de 2018.

Hoy, una vez más, nos vemos forzados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua (PEJC). Además, por no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas del Tribunal Supremo de Puerto Rico (RUA). Por tales fundamentos, decretamos la suspensión inmediata e indefinida de la Lcda. Elisa M. Figueroa Báez (licenciada Figueroa Báez) de la práctica de la abogacía.[1]

---

[1]La Lcda. Elisa M. Figueroa Báez (licenciada Figueroa Báez) fue admitida a la abogacía el 25 de junio de 1991 y prestó juramento como notaria el 16 de marzo de 1992, a lo que renunció en el año 2000.

# I

El 16 de junio de 2017, el Director del PEJC remitió a este Foro el *Informe sobre incumplimiento con requisito de educación jurídica continua* en el que se informó que la licenciada Figueroa Báez incumplió con el período del 1 de julio de 2010 al 30 de junio de 2012.[2] Allí, se nos dejó saber que la letrada no compareció a la vista informal a la cual fue citada, no tuvo comunicación con el PEJC, ni había pagado la multa impuesta. Además, nos indicó que las correspondencias enviadas por el PEJC a las direcciones que constaban en el RUA fueron devueltas, una por ser errónea y las restantes por no ser reconocidas por el servicio postal.

Así las cosas, el 18 de septiembre de 2017, emitimos una primera resolución en la que le concedimos a la licenciada Figueroa Báez el término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requerimientos del PEJC. No obstante, las notificaciones postales fueron devueltas. Por tal motivo y ante la incomparecencia de la letrada, emitimos una segunda resolución en la que le concedimos un término final de diez días para que compareciera y ordenamos que ésta fuera notificada personalmente. De ese

---

[2] Del Informe se desprende que la licenciada Figueroa Báez también incumplió con los periodos subsiguientes, pero a la fecha en que nos fue remitido el Informe aún no se había citado a una vista informal.

modo, la licenciada Figueroa Báez recibió nuestra resolución el 6 de abril de 2018. Sin embargo, no cumplió con nuestra orden.

## II

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Canales Pacheco, res. el 10 de mayo de 2018, 2018 TSPR 100. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. *In re* Arocho Cruz, res. el 22 de mayo de 2018, 2018 TSPR 97. De esa forma, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua. Íd.

De otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), exige a los abogados mantener actualizados en el RUA sus datos personales, entre éstos, la dirección seleccionada para recibir notificaciones. Por lo cual, hemos señalado que incumplir con esta exigencia obstaculiza el ejercicio de

nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente e independiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re Pérez Lugo*, res. el 11 de mayo de 2018, 2018 TSPR 87.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la licenciada Figueroa Báez.

### III

Según reseñamos, la licenciada Figueroa Báez incumplió con nuestras órdenes al no comparecer cuando le fue requerido, aun cuando fue debida y personalmente notificada sobre ello. A su vez, no cumplió con los requerimientos del PEJC, razón por la cual el asunto nos fue referido.

De igual modo, surge del expediente que tanto este Tribunal como el PEJC confrontamos dificultades con las respectivas notificaciones, puesto que la letrada no cumplió con su deber de mantener actualizadas las direcciones que deben constar en el RUA. Ante ese cuadro, tuvimos que notificar personalmente nuestra última resolución.

La inacción y la desidia de la licenciada Figueroa Báez antes descritas han obstaculizado nuestra responsabilidad disciplinaria y demuestran desinterés hacia la profesión legal, al igual que irrespeto hacia nuestras órdenes. Por lo cual, nos vemos obligados a suspenderla inmediata e indefinida de la abogacía.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Elisa M. Figueroa Báez del ejercicio de la abogacía en Puerto Rico.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Elisa M. Figueroa Báez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Elisa M. Figueroa Báez                    TS-9814

SENTENCIA

San Juan, Puerto Rico, a 16 de julio de 2018.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente a la Lcda. Elisa M. Figueroa Báez del ejercicio de la abogacía en Puerto Rico.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Elisa M. Figueroa Báez.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo